FILED
 2008 Aug-04  AM 11:55
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| **LEXINGTON INSURANCE COMPANY; INDUSTRIAL RISK INSURERS a/k/a FRED'S INC.,** | } } } } | |
| Plaintiffs, | } } | **CASE NO. CV 08-B-0193-J** |
| vs. | } } | |
| **NORTHWEST ALABAMA GAS DISTRICT,** | } } } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This case is currently before the court on Defendant's Motion to Dismiss Count II of the Complaint, which is contained within its Answer, and Plaintiffs' Motion to Add Party Plaintiffs Fred's, Inc. and Fred's Stores of Tennessee, Inc.  (Docs. 3, 15.)[1]  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Motion to Dismiss is due to be granted, and the Motion to Add Party Plaintiffs is also due to be granted.

A.      **MOTION TO DISMISS COUNT II OF COMPLAINT**

In Count II of its Complaint, Plaintiffs allege that the damage sustained to Fred's Inc.'s property due to the explosion and ensuing fire which, they allege, was caused by the Defendant's negligence, constitutes a "taking" of his property for which he is entitled

---

[1]  Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

to compensation under Article XII, § 235 of the Alabama Constitution.  "An 'inverse condemnation' is a claim against a governmental authority to recover the value of property taken by that governmental authority without exercising its power of eminent domain.  *City of Mobile v. Lester*, 804 So.2d 220 (Ala. Civ. App. 2001) (citing *Jefferson County v. Southern Natural Gas Co.*, 621 So.2d 1282 (Ala. 1993).  Section 235 of the Alabama Constitution states as follows:

> Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction.

Constitution of Alabama, Article XII, § 235.  "Clearly, § 235 provides for 'injury' to property, as well as for an actual taking of the property."  *City of Mobile v. Lester*, 804 So.2d 220 (Ala. Civ. App. 2001).  However, the Supreme Court of Alabama has long recognized that:

> The right of recovery of compensation by the property owner, under the provisions of section 235 of the Constitution, is confined, of course, to where the municipality [or other corporation] is engaged in the construction or enlargement of the works, highways, or improvements of the city.

*Mahan v. Holifield*, 361 So.2d 1076 (Ala. 1978) (quoting *City of Birmingham v. Graves*, 76 So. 395 (1917).

    Plaintiffs cite several Alabama cases in support of their inverse condemnation claim, all of which involve claims under Article VII, § 253 of the Alabama Constitution.  However, each of Plaintiffs' cases are readily distinguishable from the instant case, in that each

involved injury sustained to the plaintiff's property by an entity or individual "invested with the privilege of taking property for public use," during the "construction or enlargement of its works, highways, or improvements." *See Calhoun v. Coffee County Commission*, 706 So.2d 755 (Ala. Civ. App. 1997) ; *Foreman v. State*, 676 So.2d 303 (Ala. 1995); *Dykes v. City of Mountain Brook*, 628 So.2d 713 (Ala. Civ. App. 1993).

While Northwest Alabama Gas District ("Northwest") may, at times, be invested with the privilege of taking property for public use, Plaintiffs do not allege that the action or inaction by Defendant that allegedly caused the property damage at issue was taken in the exercise of such a privilege. Further, Plaintiffs do not allege, nor does it seem from the factual allegations that Plaintiffs could establish, that the injury at issue resulted from Defendant's construction or enlargement of public works, highways, or improvements. Rather, Plaintiffs allege that Defendant acted negligently while engaging in its normal business activity of maintaining and/or repairing natural gas lines in the City of Sulligent. Defendant's alleged negligence, and the damage allegedly resulting therefrom, presents a factual scenario for which Section 235 was not intended to provide a remedy. The Supreme Court of Alabama stated as follows:

> While we recognize that the remedial nature of [section 235] suggests its liberal construction, to allow so broad a field of operation as the plaintiffs would have us adopt would allow [an inverse condemnation] action in every case of alleged negligent construction or maintenance by a municipal corporation. This result, we feel, is not mandated by our constitution or by this Court's prior decisions.

*Lester*, 804 So.2d at 231 (quoting *Mahan*, 361 So.2d at 1077). The negligent maintenance Plaintiff alleges simply fails to state a claim for inverse condemnation under Article XII, §

235 of the Alabama Constitution.[2]  Therefore, Count II of Plaintiff's Complaint is due to be dismissed.

B.      **MOTION TO ADD PARTY PLAINTIFFS**

Plaintiffs seek leave of the court to amend their Complaint for the sole purpose of joining Fred's, Inc. and Fred's Stores of Tennessee as party plaintiffs in this action to allow all parties to resolve, in one civil action, all pending claims between Plaintiffs, proposed Plaintiffs, and Defendant.  (Doc. 15 at 2.)  Plaintiffs have informed the court that Defendant does not object to this Motion. *Id*.

The court finds that the Motion to Add Party Plaintiffs is due to be granted. However, as discussed above, because the court finds that Count II of Plaintiffs' Complaint is due to be dismissed, Plaintiffs will be directed to exclude any cause of action for inverse condemnation in their amended complaint.

C.      **CONCLUSION**

Based on the forgoing, the court finds that Defendant's Motion to Dismiss Count II of the Complaint is due to be granted, and Plaintiff's Motion to Add Party Plaintiffs is also due to be granted.  An Order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

---

[2] Plaintiffs do not explicitly invoke the "takings clause" of the Fifth Amendment in Count II of their Complaint but, assuming that they intended to do so, Count II is nevertheless due to be dismissed because Plaintiffs have alleged a mere injury to the property which does not constitute an "actual, permanent invasion of the [property], amounting to an appropriation" thereof. *Baugus v. City of Florence*, 2007 WL 3318043 (Ala. 2007) (quoting *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (U.S. 1982).

**DONE** this the 4th day of August, 2008.

                                                */s/ Sharon Lovelace Blackburn*
                                                SHARON LOVELACE BLACKBURN
                                                CHIEF UNITED STATES DISTRICT JUDGE