UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY; INDUSTRIAL RISK INSURERS also known as Fred's Inc.; FRED'S INC.; FRED'S STORES OF TENNESSEE, INC., | } } } } } } | |
| | } | CASE NO. CV 08-B-00193-J |
| Plaintiff, | } } | |
| vs. | } } | |
| NORTHWEST ALABAMA GAS DISTRICT, | } } } | |
| Defendant. | } | |

### MEMORANDUM OPINION

This case is before the court on Plaintiffs' Motion to Compel Witness' Testimony. (Doc. 29.)[1]  Based on the submissions of the parties and arguments of counsel, the court finds that the Motion is due to be granted.[2]

**I.   Summary**

This case arises out of a gas explosion which occurred on December 7, 2006. (Doc. 35.)  Plaintiffs have moved to compel the deposition testimony of David Sikes ("Sikes"), a non-party to this case and claims adjustor for Defendant's insurer, Alabama Municipal Insurance Corporation ("AMIC").  (Doc. 29.)  Sikes received letters from Pat

---

[1]  Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]  The court makes no finding as to the admissibility of the witness David Sikes's testimony.

Fitch and on behalf John Boyett, claiming damages as a result of the explosion.  (Doc. 30, Ex. B & D.)  Sikes approved payment on both claims in exchange for a general release of liabilities, but he denied plaintiffs' claims arising from the same incident.  (Doc. 29, p. 2-3; Doc. 30, p. 3, Ex. C & E.)  Plaintiffs seek "any and all information which supports Mr. Sikes' basis for the acceptance and payments of Ms. Fitch's and Mr. Boyett's claims." (Doc. 29, p. 3-4.)  Defendant argues that settlement negotiations with Fitch and Boyett were done in anticipation of litigation and are protected from discovery under Federal Rule of Civil Procedure 26(b)(3).[3]  (Doc. 32, p. 3-4.)

**II.    Discussion**

The work product doctrine, codified in  FED. R. CIV. P. 26(b)(3), protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  FED. R. CIV. P. 26(b)(3).  The protection of the work product doctrine extends to work prepared by agents for the attorney.  *U.S. v. Nobles*, 422 U.S. 225, 238-39 (1975).

---

[3] Defendant correctly notes that the mental impressions and legal evaluations of a claims agent, referred to as "opinion work product," enjoy almost absolute immunity from disclosure. (Doc. 32, p. 4.)  *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977)(opinion work product enjoys almost absolute immunity from discovery). However, as discussed below, Sikes's decision to settle Fitch and Boyett's claims was not done in anticipation of litigation.  His opinions regarding that decision are, therefore, not opinion work product protected under FED. R. CIV. P. 23(b)(3) and are not afforded the blanket immunity normally given to such.

Rule 26(b)(3) does not protect documents prepared in the ordinary course of business. *See* FED. R. CIV. P. 26(b)(3) advisory committee notes ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). Because an insurance company investigates claims in the ordinary course of its business, the distinction between documents prepared in anticipation of litigation and those prepared in the ordinary course of business is not always clear. *Brickell Assocs. v. Q.B.E. Ins. Co.*, 2008 WL 4616891 (S.D. Fla. 2008). Courts have found that a "rebuttable presumption exists that all documents prepared before an insurer denies a claim are not work-product, and all those prepared after a claim is denied are. . . . [A]n insurer can submit specific evidence to convince a court that certain documents were prepared in anticipation of litigation regardless of their date of creation." *Id*. (citing *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655 (S.D. Ind. 1991)).

Here, the work product rule does not protect documents prepared before Sikes denied plaintiffs' claims. *See id*. Although Sikes stated that he anticipated litigation in the event no settlement was reached with Fitch and Boyett, (doc. 32-3), a similar statement could be made for virtually all insurance claims. *See Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 118 (N.D. Ga. 1972)("[I]t can hardly be said that the evaluation of a routine claim from a policyholder is undertaken in anticipation of litigation, even though litigation often does result from denial of a

claim."). In fact, all documents related to the Fitch and Boyett's claims in the possession of AMIC and Sikes have been produced. (Doc. 30, p. 7.)

The court finds that Sikes's evaluation of the claims of Fitch and Boyett were done in the ordinary course of business and not in anticipation of litigation. *See Brickell Assocs.*, 2008 WL 4616891 (documents prepared before denial of claim are presumed not to be work product). Just as the work product rule would not bar discovery of documents related to these claims, it does not bar plaintiffs' deposition of Sikes on the same issue. Plaintiffs may depose Sikes on the granting of Fitch and Boyett's claims to the extent that such inquiry is limited to the period of time prior to his denial of plaintiffs' claim.

**III.   Conclusion**

In light of the above discussion, the court finds that plaintiffs' Motion to Compel is due to be granted. An Order in accordance with this Opinion will be entered contemporaneously herewith.

**DONE** this the 29th day of January, 2009.

                                    _Sharon Lovelace Blackburn_
                                    SHARON LOVELACE BLACKBURN
                                    CHIEF UNITED STATES DISTRICT JUDGE